# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS AS TO R.F.F.; M.S.F., AND R.A.F., MINORS,

KIRA S.F.,
Appellant,
vs.
CLARK COUNTY DEPARTMENT OF FAMILY SERVICES,
Respondent.

No. 69778



**FILED**

DEC 1 6 2016



## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order terminating appellant's parental rights as to her three minor children. Eighth Judicial District Court, Family Court Division, Clark County; Robert Teuton, Judge.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105; *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790. 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include neglect, parental unfitness, failure of parental adjustment, demonstration of only token efforts, or a risk of serious physical or emotional injury to the child if the child is returned to the parent. NRS 128.105(2) (1995) (amended 2015); *In re Parental Rights as to D.R.H.*, 120 Nev. 422, 428-33, 92 P.3d 1230, 1234-37 (2004). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014).

16-39175

Appellant challenges the district court's parental fault findings that she was an unfit parent and that the children were at risk of serious injury if returned to her care. Appellant contends that she completed the parenting classes, made progress in therapeutic visitation, and had bonded with the children, and that evidence of domestic violence was speculative. The district court found, however, that appellant admitted to the presence of domestic violence in her relationship with the children's father and that her attempts to deny or minimize it were not credible and she failed to engage in counseling to address it. *See In re Parental Rights as to N.J.*, 125 Nev. 835, 845, 221 P.3d 1255, 1262 (2009) (providing that evidence of parental unfitness may include domestic violence and an overall inability to provide for the child's well-being). This court will not substitute its judgment for that of the district judge, who is in the better position to weigh the credibility of the witnesses. *In re Parental Rights as to J.D.N.*, 128 Nev. 462, 477, 283 P.3d 842, 852 (2012). Moreover, respondent's inability to reunite the family after the children had been in foster care for almost 36 months was clear and convincing evidence of parental unfitness. *See* NRS 128.106(1)(h). Having considered the record, we conclude that substantial evidence supports the district court's findings of parental fault.

Appellant also contends that she rebutted the token-efforts and failure-of-parental-adjustment presumptions under NRS 128.109. *See* NRS 128.109(1)(a) and (2) (providing that if a child is placed outside the home for 14 of any 20 consecutive months, it must be presumed that the parent has demonstrated only token efforts and that termination is in the child's best interest); NRS 128.109(1)(b) (stating that the parent's failure to comply substantially with a case plan for reunification within six

months is evidence of the failure of parental adjustment). These presumptions may be rebutted with a preponderance of the evidence. *In re Parental Rights as to J.L.N.*, 118 Nev. 621, 625-26, 55 P.3d 955, 958 (2002). Appellant argues that she substantially complied with her case plan and made positive progress in therapeutic visitation in the months leading up to the trial, and that continued visitation was likely to bring about lasting parental adjustment and reunification. *See* NRS 128.107(4).

Although appellant did complete some aspects of her case plan, the district court found that the children had been out of the home almost 36 months and that appellant had not adequately addressed the domestic violence component or timely resolved her criminal issues, leading to a delay in reunification. Moreover, technical case-plan compliance will not prevent termination if the lessons the case plan seeks to address are not learned. *See In re Parental Rights as to A.P.M.*, 131 Nev., Adv. Op. 66, 356 P.3d 499, 503 and n. 3 (2015); *In re Parental Rights as to K.D.L.*, 118 Nev. 737, 748, 58 P.3d 181, 188 (2002). Thus, we conclude that the district court's application of the presumptions is supported by substantial evidence.

Finally, appellant contends that termination was not in the children's best interests because of their strong emotional ties to her as compared to the foster family as well as testimony from the children's therapist that termination of parental rights would be harmful to the children. *See* NRS 128.108(1) (requiring the district court to consider the love and emotional ties between the children and natural parents as compared with the foster parents). By the time of trial, the children had been living for 17 months with a foster family who wished to adopt them. The court considered testimony by the foster father and the children's

SUPREME COURT
OF
NEVADA

(O) 1947A

3

therapist and determined that the children's progress in the adoptive foster home was in stark contrast to the inconsistent actions of the biological parents in this case. Although the children's therapist testified about the familial bond between appellant and the children and that appellant improved her parenting skills, the therapist also expressed concern about appellant's lack of stability as well as her capability to provide the consistency necessary for the children, who were in need of special services. Therefore, we conclude that substantial evidence supports the district court's finding that the children's best interests were served by termination of parental rights. *See A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d at 761. For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc: Hon. Robert Teuton, District Judge, Family Court Division
Law Office of Kristina Wildeveld
Clark County District Attorney/Juvenile Division
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
Eighth District Court Clerk

